```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT


SCOTT E. RHOADS,                 :
        Plaintiff,               :
                                 :              PRISONER
     v.                          :     CASE NO. 3:09-cv-1035(JBA)
                                 :
CONNECTICUT PUBLIC               :
DEFENDERS OFFICE, et al.,        :
        Defendants.              :
```

## RULING ON PLAINTIFF'S MOTION FOR RECONSIDERATION

On January 7, 2010, the court dismissed the complaint. Plaintiff now seeks reconsideration of the dismissal and appointment of counsel.

A motion for reconsideration must be filed within fourteen days from the date of the ruling. D. Conn. L. Civ. R. 7(c)1. Plaintiff's motion is dated February 4, 2010, twenty-eight days after the entry of judgment. Thus, the request for reconsideration is denied as untimely filed.

Even if the motion were timely filed, relief should be denied. Reconsideration will be granted only if the moving party can identify controlling decisions or data that the court overlooked and that would reasonably be expected to alter the court's decision. See Schrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration may not be used to relitigate an issue the court already has decided. See SPGGC, Inc. v. Blumenthal, 408 F. Supp. 2d 87, 91 (D. Conn. 2006), aff'd in part and vacated in part on other grounds, 505 F.3d 183 (2d Cir. 2007).

Plaintiff seeks reconsideration of the dismissal of his claims against the Special Public Defender. While plaintiff correctly states that 42 U.S.C. § 1983 enables him to sue a state official in federal court for violation of his constitutional rights, he fails to acknowledge that the Public Defenders and lawyers appointed as Special Public Defenders are not considered to be state actors even though they are paid by the State. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (A "public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *Rodriguez v. Weprin*, 116 F.3d 62, 65-66 (2d Cir. 1997) (holding that court-appointed attorneys performing the traditional role of defense counsel do not act under color of state law and, thus, are not subject to suit under 42 U.S.C. § 1983). Plaintiff has identified no facts or law overlooked by the court in its decision. Thus, relief is not warranted. As the court has declined to reconsider its decision to dismiss the complaint, plaintiff's request for appointment of counsel is denied as moot.

Plaintiff's Motion for Reconsideration [**Doc. #10**] is **DENIED**.

It is so ordered.

/s/_____
Janet Bond Arterton
United States District Judge

Dated at New Haven, Connecticut this 22nd day of February 2010.